POLO ET AL., PLAINTIFFS AND APPELLEES, *v.* FERNÁNDEZ ET AL., DEFENDANTS (FERNÁNDEZ, APPELLANT).

APPEAL from the District Court of Humacao in an Action of Ejectment.

No. 1941.—Decided December 23, 1919.

IDENTITY OF PROPERTIES—AREA—DESCRIPTION—EVIDENCE.—The fact that there is a difference of 1.69 acres in the area and a discrepancy as to one of the boundaries between the description of a property recorded under the possessory title sought to be annulled and the description given in the dominion title judgment on which the action is based, is not sufficient proof that in fact two different properties are referred to.

ID.—POSSESSORY TITLE—DOMINION TITLE.—The record of possession of a property prevents the dominion title of the same property from being recorded in the name of a different person, but does not make the dominion title null and void.

ID.—ID.—ID.—CONFLICTING TITLES—PREFERENCE.—A possessory title can have no preference over a dominion title, although the former is recorded and the latter is not, for the former is recorded without prejudice to the better rights of third persons and the preference derivable from the record exists only in case of a conflict between two dominion titles.

EJECTMENT—INTERVENTION.—The fact that the other joint-owners of the property had knowledge that one of them had mortgaged the whole property and that the mortgagee had brought proceedings for the collection of the debt, without their having brought an action in intervention, does not deprive them of their right to recover the property, for the action of intervention is a remedy that the law gives to the owner of a property to prevent momentary damages and the failure to exercise such remedy does not deprive him of whatever action he may thereafter have to recover what is his and of which he has been unduly dispossessed.

The facts are stated in the opinion.

*Mr. Arturo Aponte, Jr.,* for the appellant.

*Mr. Joaquín Vendrell* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The facts that will serve as a basis for considering the legal questions involved in this case are the following:

By a public deed of January 24, 1907, not recorded in the registry, Luis Polo García, calling himself the owner of a tract of land in the ward of San Salvador of the municipality of Caguas consisting of 24.60 acres and bounded on the south and east by lands of José Jiménez Saurí, on the west by lands of Rosario Polo García and on the north by lands of the Succession of Luisa García, which property Luis Polo García had acquired on March 22, 1901, according to his own statement, by purchase from Pedro Polo García who had inherited the same from his deceased father, Rafael Polo Aguilar Tablada, created a mortgage thereon in favor of Baldomero Fernández Gómez to secure the payment of $251 which Gómez had lent him without interest, to be returned on June 24, 1908, the property being bound also for the sum of $100 for court costs and expenses in the event of foreclosure.

The tract of land described was adjudicated to Baldomero Fernández Gómez in a suit which he brought against Luis Polo García in the Municipal Court of Caguas for the collection of the debt secured thereby and the marshal of that court executed the corresponding deed of sale to Gómez on January 19, 1910, which likewise was not recorded in the registry.

Baldomero Fernández Gómez brought an action of unlawful detainer in 1910 against Luis Polo García and by a judgment which became final in 1911 it was ordered that the defendant vacate the property in question, of which he held possession, and the Marshal of the District Court of Humacao evicted the defendant and put the said Baldomero Fernández Gómez in possession of the property in the same year 1911.

The possession of the said property as described in the voluntary mortgage deed of January 24, 1907, was recorded in the Registry of Property of Caguas on June 28, 1910, by virtue of a possessory title proceeding instituted by Fernández Gómez wherein he alleged that he had held possession of the property since January 19, 1910, under the adjudication made to him in his action against Luis Polo García.

In the District Court of Humacao María, Rosario and Josefa Polo García, in their own names and in behalf of their brother and sisters, Luis, Antonia and Purificación Polo García, instituted proceedings for dominion titles in their favor to three rural properties, among them one of 26.29 acres designated by the letter C, situated in the ward of San Salvador of the municipality of Caguas and bounded on the east and south by lands of José Jiménez Saurí, on the north by lands of Luis García Hernández and on the west by lands of Rosario Polo García, and by an order of April 11, 1914, the court approved the dominion title proceeding and ordered that the property described, together with the other two properties, be recorded in the names of María, Rosario, Josefa, Luis, Antonia and Purificación Polo García. The initial petition set forth that the petitioners and their brother and sisters had acquired the property of 26 acres by inheritance from their deceased brother, Pedro Polo García, who died in Caguas on May 20, 1910, and that Pedro Polo García had acquired it by inheritance from his father, Rafael Polo y Aguilar Tablada, who died on March 10, 1898.

Record of the dominion title judgment regarding the property in question was refused by the Registrar of Property of Caguas in a decision of March 11, 1916, as follows:

"Record of the foregoing document is refused as to property C, the only one sought to be recorded, because it appears recorded * * * in the name of Baldomero Fernández Gómez, a person different from Pedro Polo García, from whom, according to the said

document, his sister María Polo García and others inherited it; and a cautionary notice is entered for 120 days, entry letter B. in favor of María, Rosario, Josefa, Luis, Antonia and Purificación Polo García, with the curable defect that the minors Antonia and Purificación Polo García did not appear by their legal representative."

The plaintiffs allege in the complaint that they are the owners in fee, together with defendant Luis Polo García, in common and in equal shares, of the property to which the dominion title proceeding refers, they having acquired it from their brother Pedro Polo García, who in turn had inherited it from his deceased father, Rafael Polo y Aguilar Tablado, and they pray for the annulment of the deed executed by Luis Polo García to Baldomero Fernández Gómez, whereby he mortgaged to the latter the said property of 24 acres without being the sole owner of it; the annulment of the foreclosure proceeding; the annulment of the possessory title proceeding instituted by defendant Fernández Gómez, and the annulment of the record of possession in the registry in the name of Fernández Gómez, and for the delivery of the property by the defendants to the plaintiffs, with the costs and expenses of the action.

In his answer defendant Baldomero Fernández Gómez, besides asking that the complaint be dismissed with costs and disbursements, prayed for the annulment of the proceeding instituted by the plaintiffs to establish their dominion title to the property involved, alleging that he holds possession of the property of 24.60 acres to which the possessory title proceeding refers under a possessory title recorded in the registry, having been put in possession of it in an action of unlawful detainer against Luis Polo García; that the plaintiffs, together with their brother, Luis Polo García, instituted proceedings to establish their ownership of a rural property of 26.29 acres, unduly including in that area the property previously described, and that in that dominion title proceeding certain false statements were made, such as the averment that the petitioners possessed the prop-

erty continuously for over thirty-five years and that they had acquired it by inheritance from Pedro Polo García in 1910.

After a trial the District Court of Humacao entered judgment on August 24, 1917, sustaining the annulment prayed for and ordering also that the Registrar of Property of Caguas cancel the record of possession in the name of defendant Baldomero Fernández Gómez and record the dominion title judgment of April 11, 1914, in the names of the plaintiffs and of Luis Polo García, the costs of the action being adjudged against the defendants.

Baldomero Fernández Gómez appealed to this court from that judgment and in support of the appeal error is assigned as follows:

1st. That the District Court of Humacao erred in not holding that appellant Baldomero Fernández was the actual owner of the property.

2nd. That the said court erred in holding that the title of the plaintiffs was superior to the title of the defendant.

3rd. That the said court erred in sustaining the complaint; in ordering the delivery of the property to the plaintiffs, and in holding that they were the sole owners of the property.

Before going any further we should say that the property to which the dominion title of the plaintiffs refers is the same property to which defendant Fernández Gómez has a possessory title. It is true that the dominion title refers to a property of 26.29 acres bounded on the east and south by lands of José Jiménez Saurí, on the north by lands of Luis García Hernández and on the west by lands of Rosario Polo García, while the property involved in the possessory title proceeding appears as having an area of 24.60 acres and as being bounded on the north by lands of the Succession of Luisa García, the remaining boundaries being identical to the above, and both being situated in the ward of San Salvador of Caguas; but that difference of two acres

in the area and the discrepancy as to one of the boundaries are not sufficient proof that in fact two different properties are referred to. *Gómez, Méndez & Co., in Liquidation,* v. *Registrar of Property,* 16 P. R. R. 786. The trial court so held and such was the belief of the Registrar of Property of Caguas in refusing to record the dominion title judgment because the property was recorded in the name of Baldomero Fernández Gómez, a person distinct from Pedro Polo García, from whom his brother and sisters inherited it.

The decision of the court of April 11, 1914, approving the dominion title proceeding and ordering the record of the property in the names of María, Rosario, Josefa, Luis, Antonia and Purificación Polo García in the Registry of Property of Caguas was a sufficient title for the record of the ownership, according to subdivision 5 of article 395 of the Mortgage Law, and record thereof was refused on the sole ground that the possession of the property was recorded in the name of a person other than the petitioners.

The record of the possession of the property in the name of Baldomero Fernández Gómez prevented of itself the dominion title to the same property from being recorded in the name of a different person, but it did not render the dominion title null and void. That title, though unrecorded, could be offered and admitted in an action to obtain the nullity and consequent cancelation of the record of possession which prevented it from being recorded, as authorized by paragraph 3 of article 389 of the Mortgage Law. The possessory title to the property in the name of Baldomero Fernández Gómez necessarily had to be recorded without prejudice to the better rights of third persons, according to article 392 of the Mortgage Law, and such record of possession did not prejudice a person having a better right to the ownership of the property, although his title might not be recorded, unless prescription had made valid and unassailable the recorded right according to subdivision 5 of article 394 of the said law. Appellant is evidently mistaken

in maintaining that the dominion title relied on by the plaintiffs can not prejudice him because it was not recorded, and his error is even greater in asserting that as the possessory title is recorded while the dominion title is not, his right has preference over that of the plaintiffs, for such preference exists only in case of a conflict between two dominion titles, which is not the case here.

The only ownership right asserted by the appellant is derived from such as his predecessor in interest, Luis Polo García, had to the property in question, which the latter acquired from his brother, Pedro Polo García, as he stated when creating the mortgage in favor of Fernández Gómez, but that statement is not evidence and can not of itself produce legal effects with regard to third persons, for although public instruments are evidence, even against a third person, of the fact which gave rise to their execution and of the date of the latter, they are not evidence against third persons, but only against the contracting parties and their legal representatives, with regard to the declarations the former may have made therein, according to section 1186 of the Civil Code.

The statement made by Luis Polo García in the mortgage deed that he had acquired the property from his brother Pedro cannot prejudice the latter or his successors in interest, the plaintiffs.

There is no question between the parties that the property belonged to Pedro Polo García by inheritance from his deceased father, Rafael Polo Aguilar Tablada, and the question at issue is whether Pedro Polo García sold the property before his death to his brother Luis, as stated in the mortgage deed by the latter, or whether he was the owner thereof at his death, it being therefore inherited by his sisters, the plaintiffs, together with defendant Luis Polo García. There is no proof of such a sale, the burden of which was on the defendants, and we must therefore be guided by the judgment establishing the ownership of the property in favor of

the brothers and sisters Polo García by virtue of the death of their brother Pedro Polo García.

The said dominion judgment was attacked by defendant Baldomero Fernández Gómez in a counter-complaint praying for its annulment and alleging that in the dominion title proceeding it had been falsely stated that the property had been possessed for over 35 years counting from the date when the land was originally acquired, while the acquisition was by inheritance from Pedro Polo García. The defendant produced no evidence in support of these allegations and therefore the dominion title proceeding remained in full force and effect, for the possessory title of itself could produce no other effects as to third persons than those conferred by law upon the mere possession, according to subdivision 4 of article 394 of the Mortgage Law.

And it does not matter whether or not the plaintiffs had knowledge of the creation of the mortgage by Luis Polo García in favor of Baldomero Fernández Gómez and of the foreclosure proceeding for the collection of the debt, and that they did not bring an action of intervention as authorized by law in defense of their rights, for when Fernández acquired the property without its having been recorded in the registry in the name of Luis Polo García, he did so at his own risk and subject to the event that the property might belong to third persons, he acquiring therefore an illusory right.

The action of intervention is a remedy that the law gives to the owner of a property to prevent momentary damages, but failure to invoke that remedy does not deprive him of whatever right he may have to recover later what is his and of which he has been unduly dispossessed. *Valdecilla* v. *Iñffant*, 1 S. P. R. 299.

We have examined the questions of law, raised on appeal and involved in the action, which has principally turned on the theory of the plaintiffs that they are the owners, together with defendant Luis Polo García, by title of inher-

itance established in a dominion title proceeding, of the property involved, which theory defendant Fernández Gómez attacked on the grounds that that title was null and void and that he had lawfully acquired the same property and recorded his possession in the registry of property; and for the reasons above stated we must arrive at the conclusion that the ownership of the property mortgaged by Luis Polo García in favor of defendant Baldomero Fernández Gómez was in the Succession of Pedro Polo García; that Luis Polo García, calling himself the sole owner thereof, had no right to mortgage the whole property to Fernández Gómez as he did to secure the payment of a personal debt, and that therefore the foreclosure proceeding brought for the collection of the debt secured by the mortgage was null and void, as were also the proceedings instituted by Fernández Gómez to establish his possession of a property which he had not acquired from the Succession of Pedro Polo García, to whom it belonged, but from one of the members of that succession. This does not mean that Luis Polo García must not pay to Fernández Gómez the amount of the debt acknowledged in his favor, for *nemini suus fraus patrocinari debet.*

We refrain from considering and deciding what remedies may be available to defendant Fernández Gómez for the collection of the amount of the mortgage, not in connection with the whole property mortgaged by Luis Polo García, but with regard to his share therein. These rights, whatever they may be, are reserved to Fernández Gómez and such reservation should be made to appear in the record of the dominion title judgment in the names of the plaintiffs and defendant Luis Polo García.

The judgment of the District Court of Humacao of August 24, 1917, must be affirmed, but with the modification that the record of the dominion title to the property described in the judgment, established by the order of the said court of April 11, 1914, in the names of the plaintiffs and of defendant Luis Polo García, be entered with such reservation and with-

out prejudice to whatever rights defendant Baldomero Fernández Gómez may have for the collection of the debt acknowledged in his favor by the said Luis Polo García in the deed of January 24, 1907, executed before notary Rafael Arce Rollet, out of the properties of Luis Polo García, among which is the condominium belonging to him in the above property, and thus it be so made to appear from the said record of ownership.

*Affirmed in part.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.